ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: THE GOODYEAR TIRE & RUBBER COMPANY DERIVATIVE LITIGATION. ) ) | CASE NO.: 5:03CV2180 |
| ) | Judge John R. Adams |
| ) ) | MEMORANDUM OPINION & ORDER |
| ) ) | Consolidated Cases |
| ) | Wargo v. Keegan, 5:03CV2468 |
| ) | [Resolving Doc. 15] |
| ) | Rhodes v. Keegan, 5:03CV2469 |
| ) | [Resolving Doc. 13] |

### I. Introduction

Prior to the consolidation of cases in this action, Plaintiffs James Wargo and Ed Rhodes (collectively referred to as "Plaintiffs")[1] filed their shareholder derivative actions in the Summit County Court of Common Pleas. Defendants removed the actions to this Court and Plaintiffs subsequently filed their motions to remand. At issue before this Court is whether Defendants' removal of these actions was proper. Having reviewed the relevant motions, responses and replies thereto, this Court finds that removal of these actions was proper and Plaintiffs' motions are hereby denied.

### II. Facts & Procedure

Plaintiffs filed their shareholder derivative actions in state court. They asserted state law causes

---

[1] The Wargo complaint and the Rhodes complaint will be referred to as the "complaints" throughout this opinion.

of action for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment in connection with nominal Defendant Goodyear Tire & Rubber Company's restatement of its earnings from the years 1998-2002. Defendants removed the matters, claiming Plaintiffs' claims arise under federal law and that the claims require the resolution of substantial questions of federal law. Plaintiffs disagree. They claim they have pled no federal claims in their complaints and their cases do not require the resolution of federal law.

Specifically, Plaintiffs call on this Court to decide the following issues: (1) whether Plaintiffs' complaints involve substantial and disputed questions of federal law; (2) whether Defendants' removal of these actions from the state court was proper; and (3) whether Plaintiffs are entitled to an award of attorneys' fees and costs for their efforts in seeking to have these actions remanded. Having reviewed this matter, the Court finds Plaintiffs' complaints involve substantial and disputed questions of federal law, removal was proper, and Plaintiffs are not entitled to an award of attorneys' fees and costs.

### III. Law & Analysis

Under the authority of 28 U.S.C. § 1441, a defendant may remove a case from state court to federal court when the federal court has "original jurisdiction founded on a claim or right arising under" federal law. 28 U.S.C. § 1441(b), construed in Peters v. Lincoln Elec. Co., 285 F.3d 456, 465 (6th Cir. 2002). In determining whether the complaint presents a federal question, courts apply the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

This rule makes the plaintiff the master of his complaint and he may avoid federal jurisdiction

completely by relying exclusively on state law. Id. The well-pleaded complaint rule does not contemplate defenses that may raise federal questions. Rivet v. Regions Bank of Louisiana, 520 U.S. 470, 475 (1998) (citations omitted). Moreover, the burden of proving that removal is rightful is on the removing defendant. Alexander v. Electronic Systems Data Corp., 13 F.3d 940, 948-49 (6th Cir. 1994).

In this case, there is no dispute that Plaintiffs' complaints plead only state law causes of action. However, this Court has jurisdiction if "the vindication of a right under state law necessarily turns on some construction of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983). In other words, this Court can properly retain jurisdiction where the "right to relief necessarily depends on resolution of a substantial question of federal law." Id. at 28.

It is undisputed that Plaintiffs' complaints reference federal securities law. Plaintiffs, however, argue that these references operate as "peripheral background facts" that merely form the basis of their complaints. This Court disagrees. Although Plaintiffs do not allege, per se, federal causes of action, their complaints make direct references to federal securities law and to Defendants' alleged violations of those laws.

As evidence of this, the complaints state that the actions are derivative actions seeking remedies for violations of state and federal law.[2] They allege, among other things, that Defendants prepared false and/or misleading Securities and Exchange Commission ("SEC") filings,[3] that Defendants violated

---

[2] Plaintiffs' Compls. at ¶ 1

[3] Id. at ¶¶ 9-28.

3

Generally Accepted Accounting Principles ("GAAP") and SEC rules, [4] and that Defendants' conduct was in direct contradiction of federal law.[5]  The complaints state that Defendants had a duty to comply with and make disclosures in compliance with federal securities laws and to operate in compliance with those laws, and they failed to do so.[6]

Plaintiffs are mistaken in their assertion that their claims for relief do not depend on the resolution of any federal law.  Moreover, they are mistaken that their claims include "only passing references" to federal law.  Although Plaintiffs may see their references to violations of federal law as mere "support" for their state law claims, a determination of whether Defendants have violated federal law is necessary given the fact that the complaints themselves plead that the causes of action are premised, in large part, on those violations.

Other federal courts have resolved similar issues in the same manner.  See generally D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93 (2nd Cir. 2001), cert. denied, 534 U.S. 1066 (2001); Gobble v. Hellman, No. 1:02CV76 (N.D. Ohio March 29, 2002); Wietschner v. Gilmartin, No. 02-4879 (MCL) (D.N.J. Jan. 14, 2003).  Although Plaintiffs have cited a plethora of cases to the contrary, none are binding on this Court.  Furthermore, in the absence of binding authority, this Court is free to consider the above-mentioned cases as persuasive authority on which it bases its decision.

---

[4] Id. at ¶ 58.

[5] Id. at ¶ 59.  Specifically, the complaints base Defendants' alleged violations of GAAP rules on federal law.  The complaints state as follows: "SEC Regulation S-X (17 C.F.R. § 210.4-01(a)(1)) states that financial statements filed with the SEC which are not prepared in compliance with GAAP are presumed to be misleading and inaccurate. . . . Regulation S-X requires that interim financial statements must also comply with GAAP. . . ."

[6] Id. at ¶ 70 (a)(b).

It is important to note there are three other derivative actions pending before this Court.[7] Although the Court has already determined that it has subject matter jurisdiction over this dispute, as outline above, it is also of the opinion that the adjudication process will be more streamlined if Plaintiffs cases remain in federal court along with the other consolidated derivative cases. It does not make sense for two derivative actions to be remanded to state court, while three remain pending in federal court.[8] Given that these cases involve the same parties, the same facts, and will require resolution of the same law, it is prudent that the cases remain consolidated and decided together. Keeping all of these actions together will result in more efficient and less costly litigation. Plaintiffs' motions are hereby denied in their entirety and fees and costs will not be awarded.

IT IS SO ORDERED.

  April 7, 2004                                      *s/ John R. Adams*
Date                                                 John R. Adams
                                                     U.S. District Judge

---

[7] Admittedly, the three other cases have an independent basis for federal subject matter jurisdiction; however, the complaints are virtually identical with respect to the state law claims.

[8] This Court also has before it twenty consolidated securities cases and twelve consolidated ERISA cases, all premised on the same facts as the derivative actions.